# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VALLIE ROZANCE, individually and as Administrator of the Estate of Elizabeth Rozance, deceased,** <br>                    **Plaintiff,** <br>         v. <br><br> **MICHAEL NORMAN and RONALD D. PICKENS,** <br>                    **Defendants,** <br>         v. <br><br> **DONNA VADEN,** <br>                    **Additional Defendant.** | ) <br> ) <br> )     **2:07-cv-1758** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER OF COURT

AND NOW, this 2nd day of January, 2008, upon consideration of the NOTICE OF REMOVAL (Document No. 1) filed on behalf of Defendant, Ronald D. Pickens, in which jurisdiction of this Court is alleged to be based upon diversity of citizenship, and it appearing from a review of the underlying Complaint In Civil Action that Plaintiff, Vallie Rozance, is a citizen of Pennsylvania residing at 822 Vance Drive, Canonsburg, PA 15317; Defendant Ronald D. Pickens is a citizen of West Virginia residing at 47 Pleasant Drive, Wheeling, WV 26003; however, co-Defendant Michael Norman is a citizen of Pennsylvania residing at 48 Tower Hill #2, Brownsville, PA 15407; and Additional Defendant, Donna Vaden, (unserved to date) is a citizen of Pennsylvania residing at 750 Cleveland Road, Washington, PA 15301; therefore, it appears that there is not complete diversity of citizenship insofar as Plaintiff and one of the served Defendants are citizens of Pennsylvania. The United States Supreme Court has long construed 28 U.S.C. §1332(a)(1) to require complete diversity of citizenship among parties, meaning that diversity of citizenship does not exist unless all defendants are diverse from all

1

plaintiffs.  Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).  If any one defendant is a citizen of the same state as any one plaintiff, diversity of citizenship does not exist.  Id.  Absent complete diversity, the district court does not have original diversity jurisdiction and removal under §1332(a) is not possible.

Furthermore, a removing defendant must also adhere to the appropriate procedural prerequisites before jurisdiction in this Court can be established.  In this area, the Court finds and rules that the Notice of Removal contains two fatal defects.

First, for removal to be allowed under 28 U.S.C. § 1446, each defendant must file its own timely removal petition or file its own timely statement consenting to removal by a co-defendant. *Landman v. Borough of Bristol,* 896 F. Supp. 406, 409 (E.D. Pa. 1995).  However, a recognized exception to the general rule is that co-defendants need not have joined in petitioning for removal if they have not been served with the state court summons.  *P. P. Farmers' Elev. Co. v. Farmers Elev. Mut. Ins. Co.*, 395 F.2d 546, 547 (7th Cir. 1968).

Under 28 U.S.C. § 1446(a), a party seeking to remove a state court case to federal court must allege in the removal papers "a short and plain statement of the grounds for removal . . . ." A notice of removal filed by less than all defendants is considered defective if it fails contain an explanation for the non-joinder of a co-defendant.  *P.P. Farmers' Elev. Co.*, 395 F.2d at 548.

The record reflects that co-defendant Michael Norman has not joined in the notice of removal.  Moreover, such notice of removal gives no explanation for the non-joinder of this defendant.

In his notice of removal, Defendant Pickens states that "Defendants, Ronald D. Pickens and Michael Norman, are the only other properly joined and served defendants." Notice of

2

Removal, ¶ 4 (emphasis added).  The Notice of Removal also reflects that "Defendant Norman has been notified of this Removal." *Id.*

The Court finds, however, that co-defendant Michael Norman has not properly consented to the removal notice.  Although the removal notice does not have to be signed by each codefendant, each codefendant has to join in or consent to removal by way of an official filing or voicing of consent. *Ogletree v. Barnes*, 851 F. Supp. 194, 187 n.7 (E.D. Pa. 1994).

Second, under 28 U.S.C. § 1446, defendant is required to file <u>in federal court</u> the petition for removal within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading.  Additionally, the removing party is also required to file a copy of all "process, pleadings and orders served upon such defendant."  In the instant matter, Defendant Pickens did not file in federal court the Notice of Removal until December 28, 2007, well after the thirty (30) days he "received a copy of the Complaint."  Additionally,  Defendant Pickens failed to file copies of all process served upon him as required by § 1446(a).

NOW THEREFORE, it is **ORDERED, ADJUDGED and DECREED** that this Court is without diversity jurisdiction and this action is hereby **REMANDED FORTHWITH** to the Court of Common Pleas of Washington County, Pennsylvania at No. 2007-8409.

BY THE COURT:

s/  Terrence F. McVerry  
United States District Court Judge

cc:
**PLAINTIFF:**
VALLIE ROZANCE
822 Vance Drive
Canonsburg, PA 15317
    represented by: Joseph H. Fox, Esquire
                       Rosenberg, Sewak, Pizzi & Bell
                       11 East Beau Street
                       Washington, PA 15301


**DEFENDANTS:**
MICHAEL NORMAN
48 Tower Hill #2
Brownsville, PA   15407

RONALD D. PICKENS
47 Pleasant Drive
Wheeling, WV   26003
    represented by Stephen J. Magley, Esquire
                    Email: smagley-om@verizon.net

**ADDITIONAL DEFENDANT:**
DONNA VADEN
750 Cleveland Road
Washington, PA   15301

4